BURTON F. HOYLE *vs.* THE NEW YORK & NEW ENGLAND
RAILROAD COMPANY.

Hartford Dist., Oct. T., 1890.  ANDREWS, C. J., CARPENTER, LOOMIS,
SEYMOUR and TORRANCE, Js.

*H*, the owner in fee of a tract of land, conveyed to a railroad company a
strip of land running through it for the laying of its track, the deed
containing the following provision:—" Said company forever to main-
tain the crossing now made on said land over the railroad and permit
the grantor to use the same for his farming purposes; also to permit
the grantor to pass over the crossing on *D. B.'s* land whenever he shall
require in his farming business." Held that the deed was inadmissi-
ble for the purpose of proving a right of way at the crossings acquired
by adverse user.
*H* by his deed having parted with all his title except the right of crossing
which he had reserved, had no right of crossing except that so re-
served.
Although the deed speaks of the crossings as "now made on said lands,"
thus recognizing them as material structures existing when the deed
was made, yet the grantor retained no right to use them independently
of the provision in the deed.

[Argued October 7th, 1890—decided January 7th, 1891.]

ACTION for damages for the obstruction of a right of way;
brought to the Superior Court in Windham County, and tried
to the jury before *Prentice, J.* Verdict for the plaintiff and
appeal by the defendant for error in the ruling and charge
of the court. The case is fully stated in the opinion.

*S. E. Baldwin* and *G. A. Conant*, for the appellant.

*C. E. Searls*, for the appellee.

TORRANCE, J. This is an action to recover damages for
obstructing two certain rights of way claimed to exist be-
tween the farm lands of the plaintiff lying on opposite sides
of the railroad of the defendant across its tracks at grade.

Prior to 1859 these farm lands and the land lying between,
now occupied by the railroad company, were owned and oc-

cupied by Moses Hoyle, the father of the plaintiff, for farming purposes. In February, 1859, Moses Hoyle by deed conveyed to the Midland Railroad Company all his right, title and interest in and to the land now occupied by the defendant's tracks and over which the rights of way in question are claimed. The conveyance was made by a quit-claim deed in the ordinary form, except that it contained the following clause :—" They, the said company, forever to maintain the fence on the line of their railroad on said lands, and forever maintain the crossing now made on said lands over the railroad, and shall keep the same in good order and permit the grantor to use the same for any and all his farming purposes ; and also provided that the grantees shall permit the grantor to pass over the crossing on the railroad made over the same on Daniel Barrett's land, whenever he shall require in his farming business ; and they forever keeping a depot where the one now is in East Thompson."

It was admitted on the trial that the defendant succeeded to all the rights of the Midland Railroad Company in the land conveyed by the deed. The obstruction complained of was caused by raising the railroad bed, and constructing a wire fence, in the line of and across the ways.

The plaintiff did not claim the rights of way under the aforesaid deed of his father, nor by way of grant or reservation, or otherwise, under any deed or writing, but his claim to such rights was grounded wholly upon adverse user.

On the trial to the jury the plaintiff, without objection, offered evidence that he and his predecessors in title, for more than fifteen years before the commencement of the action and the acts complained of, " had continuously, uninterruptedly, adversely and under a claim of right, used and enjoyed the two rights of way across the defendant's land set out in the complaint and as set out, and that for said period of fifteen years and more the defendant had recognized the right of the plaintiff and his said predecessors in title to such use and enjoyment of said rights of way."

As one piece of testimony tending to prove this part of

his case, the plaintiff offered the aforesaid deed in evidence, upon the ground that the acceptance of a deed containing the clause hereinbefore set forth was a recognition of the existence of such adverse rights. The finding states that the deed was offered " for the purpose of showing that said right of way existed as far back as 1859, and that the defendant's predecessors in title thus recognized the existence of such rights in the plaintiff's predecessors."

Against the objection of the defendant the court admitted the deed in evidence, and, in so doing, we think the court erred. The only right of way claimed or attempted to be proved by the plaintiff, was a right of way by adverse user, and the deed was offered and received as tending to prove the existence of such a right in Moses Hoyle, and the recognition of such a right by the grantee.

The construction of this deed in respect to the right to use the crossing therein mentioned, may not be free from difficulty, but from any point of view its true construction can, we think, furnish no ground whatever in support of the plaintiff's claim. Whether the right to use the crossings be regarded as reserved by the grantor, or licensed or otherwise legally conveyed or conferred by the grantee, it is clear that the language used neither describes nor recognizes a right in the grantor which, in any proper sense of the term, was adverse to the grantee, or which existed independently of the deed. The language is—" shall permit the grantor to use " the crossings for certain purposes specified in the deed. The language is that of the grantor himself, describing the rights, and all the rights, which would belong to him after the delivery of the deed. Prior to the delivery of the deed Moses Hoyle had in the land thereby conveyed all the rights which belong to an owner in fee simple. After the delivery of the deed he had only such rights in the land as were expressed in the deed itself. By his own act he parted with his almost absolute right in the land conveyed and limited himself to such rights therein as were set forth in his own deed. When the deed was delivered, whatever rights he had to use the crossings he had under and by virtue of his deed. After

its acceptance it plainly was the duty of the grantee to permit the grantor to use the crossings for the purposes expressed in the deed. The deed was the source and measure of the reciprocal rights and duties of the parties with respect to these crossings. In accepting the deed the grantee accepted it with all its burdens and recognized whatever rights Moses Hoyle had under it, but it did not thereby recognize rights in him which differed from those expressed in the deed, and which existed, if at all, independently of the deed. It is true the deed does speak of the crossings as " now made on said lands," and thus may be said to " recognize " the crossings as material structures existing prior to the deed, but it does not recognize any right to use them as existing in the grantor independently of the deed, for it provides that the grantee shall permit him to use them for certain specified purposes.

The deed then not only does not tend to prove a right to use the crossings by adverse user, but on the contrary proves a right to use them under, and by virtue of, the deed alone, and its acceptance, if it was a recognition of anything, was a recognition of the rights expressed in the deed. It was claimed and admitted to prove a right of way by adverse user, and the recognition of such a right on the part of the grantee by accepting it, and was undoubtedly used for this purpose by the jury in finding a verdict for the plaintiff; and its admission for such a purpose was error.

In view of the fact that a new trial must be granted for admitting the deed in evidence, we have deemed it unnecessary to say much about the claimed errors in the charge. All of the errors assigned upon this part of the case which we deem of any importance arise out of questions respecting this deed and its construction, and will not be likely to arise if the case is tried again.

Both parties in their briefs agree that, upon the facts disclosed by the record, it was the duty of the court to construe the deed, and not to leave such construction to the jury, and that such is the rule is too plain to admit of doubt or dispute.

In one part of its charge the court uses language which seems to, if it does not in fact, sanction a part of the claim of the plaintiff, that the deed does or may contain a recognition of an existing right in Moses Hoyle to use the crossings, and leaves the jury without definite instruction upon the point. Perhaps also in other respects the language of the charge upon this point in the case was not, in view of the plaintiff's claims, so clear and explicit as it should have been, and may have misled the jury.

A new trial should be granted.

In this opinion ANDREWS, C. J., LOOMIS and SEYMOUR, Js., concurred. CARPENTER, J., dissented.